## BROWN v. COLLINS.

PRINCIPAL AND AGENT: LIABILITY OF AGENT FOR MISREPRESENTATIONS TO PRINCIPAL.

*Appeal from Davis District Court.*

THURSDAY, APRIL 19.

THE plaintiff, a resident of Illinois, owned a tract of land in Iowa, and had mortgaged the same to the defendant to secure a note for $271.70. The defendant, by authority from plaintiff, sold said land for two promissory notes of $100 each and two horses. In his report to plaintiff, by letter, he said: "They are a couple of pretty good horses. I took them at two hundred dollars—the two; and he (the purchaser of the land) is to give me one hundred dollars on delivery of the deed.     *     *     *     I want you to send it by mail immediately, for I want to settle the thing up, and I will send your note and satisfy the mortgage on record."

The deed was accordingly sent by plaintiff to the defendant, and by him delivered to the purchaser of the land. No cash was paid on its delivery, and it does not appear that there had been any agreement that there should be. The purchaser gave his promissory note for $100, payable to the defendant with ten per cent interest, and also gave him another note for $100, made by one Gorman. The notes and horses were retained by defendant, and appropriated to his own use. This action is brought to recover the difference between what the defendant received for the land and what he reported that he received, to-wit: the amount of one note. Judgment for defendant. Plaintiff appeals.

*Traverse & Eichelberger,* for appellant.

*Trimble & Carruthers,* for appellee.

ADAMS, J.—I. The defendant does not deny, either in his answer or his testimony, that he received the two notes and appropriated the same to his own use and concealed the fact from the plaintiff. As to the appropriation, he says that the Gorman note had been surrendered to Gorman, and he does not say that it was not paid in full. The other note he caused to be executed payable to himself, and he of course took it at its face. Besides, the note was past due when he testified, and he does not say that it was not paid in full. He says, however, that the horses were not worth two hundred dollars, and the court below allowed evidence to be introduced against the objection of the plaintiff for the purpose of showing that the horses were not worth that amount. The court found that they were not worth that amount. The admission of such evidence and the finding of the court thereon are assigned as error. What the defendant and purchaser of the land estimated the horses at as between themselves is wholly immaterial. The horses, by virtue of the trade, became the plaintiff's horses, and they were not worth more or less by reason of any estimate which was placed upon them. When defendant reported that

he had taken the horses and was to have $100 in cash, and would surrender plaintiff's note if plaintiff would send a deed, and plaintiff did send a deed, the title to the horses passed to defendant and plaintiff's note became discharged, although the defendant took a note for the $100, instead of the cash. It is true, the plaintiff might have been under obligation from what had passed between the parties to send the deed even if he did not approve of defendant keeping the horses and cash payment or note for his debt; but, the transaction taken altogether shows that it was understood that defendant should keep them for his debt. At all events, the defendant did keep them and appropriate them, and it is not for him to say that he did it without any understanding with the plaintiff to that effect. If there was an understanding, it was in accordance with the terms of the defendant's letter. We must, then, regard the plaintiff's note as paid by the horses and the note for $100 executed to defendant by the purchaser of the land. The Gorman note the defendant cannot avoid accounting for on the ground that under that arrangement with the plaintiff he made a poor trade.

II. The evidence tends to show that defendant paid taxes on the land to the amount of $16.50. But when the taxes were levied does not appear, and under the evidence, as disclosed in the record, the defendant is not entitled to recover therefor.

REVERSED.